UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
XAVIER REID,

                Plaintiff,

          - against -

NEW YORK CITY POLICE DEPARTMENT
and POLICE OFFICER MEKUBAHD
YISRAEL,

                Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-1220 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

Plaintiff Xavier Reid ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against Defendants New York City Police Department ("NYPD") and NYPD Officer Mekubahd Yisrael (collectively, "Defendants") alleging malicious prosecution, false imprisonment,[1] and false arrest.[2] The Court grants Plaintiff's request for *in forma pauperis* status (Dkt. 2) and waives the filing fee. 28 U.S.C. § 1915. For the following reasons, the claims against Defendant NYPD are dismissed, and the Court grants Plaintiff leave to amend his complaint within thirty (30) days from entry of

---

[1] The Court "will treat Plaintiff's claim for 'unlawful imprisonment' as, in effect, a claim for 'false imprisonment.'" *Sampson v. City of Schenectady*, 160 F. Supp. 2d 336, 346 n.14 (N.D.N.Y. 2001).

[2] In addition to his explicit identification of these three claims, Plaintiff states that he is seeking relief for "violation of [his] 4th, 5th, [and] 6th [amendment] constitutional rights." (Compl., at 6.) Based on the facts alleged in the complaint, however, the Court is unable to discern any basis on which claims under these amendments—besides those addressed in this Order, *infra*—could conceivably lie. *See United States v. Patane*, 542 U.S. 630, 641 (2004) (plurality opinion) ("Our cases [] make clear . . . that a mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or even the *Miranda* rule."). These claims are therefore dismissed. *See Inkel v. Bush*, No. 04-CV-69, 2004 WL 2381747, at *12 (D. Conn. Oct. 19, 2004) (dismissing complaint on the grounds that "even a *pro se* plaintiff must give fair notice to defendants concerning the [factual] basis of his or her claims" (quotation omitted)).

1

this Order to show why his claims against Defendant Yisrael should not be dismissed as well. The Clerk of Court is respectfully directed to send a copy of the complaint (Dkt. 1) and this Order to the Office of Corporation of Counsel.

## BACKGROUND

The Court assumes the truth of the allegations in the complaint for the purpose of this Order. On April 30, 2018, Plaintiff witnessed "some guys trying to break into the coin operated [and] ride machines" at the laundromat located at 2919 Surf Avenue in Brooklyn, NY. (Compl., at 5.) Based on the statement of a witness named Qiaomeng Zhou, police arrested Plaintiff on May 1, 2018 for his involvement in the April 30 incident. (*Id.*) Plaintiff was taken to the 60th Precinct. (*Id.*) The complaint is silent as to how long Plaintiff was detained and for what offense, if any, he was charged. The charges were "dismissed in [his] favor" after three months. (Compl., at 6.)

## DISCUSSION

When an action is brought *in forma pauperis*, a district court may dismiss the case where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must liberally construe a *pro se* litigant's pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quotation omitted). However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Ciambriello v. Cty. of Nassau*, 292 F. 3d 307, 323 (2d Cir. 2002)). Moreover, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 559 F.3d 470, 484 (2d Cir. 2006) (quotation omitted).

In his complaint, Plaintiff names the NYPD—an agency of the City of New York—as a defendant. (Compl., at 2.) However, city agencies, including the NYPD, do not have a legal identity separate and apart from the municipality and cannot sue or be sued. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."); *Bailey v. City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) ("It has been widely held that because the New York City Police Department is an agency of the City of New York, it cannot be sued independently under § 1983." (collecting cases)). Thus, the complaint against the NYPD is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court notes that in order to "sue the City of New

3

York, [Plaintiff is] required to allege that the violation of his constitutional rights was caused by an official custom, practice, or policy promulgated by a municipal policy maker." *Bailey*, 910 F. Supp. at 117.

Furthermore, the Court notes its inclination to dismiss the claims against Defendant Yisrael as well. According to the complaint, Plaintiff was arrested based on a statement from an eyewitness (Compl., at 5.) Generally, an inculpatory statement from an eyewitness suffices to establish probable cause and defeat claims for malicious prosecution, false arrest, and false imprisonment. *See Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (holding that it was not relevant whether police had withheld evidence on a malicious prosecution claim because the Assistant District Attorney interviewed two witnesses who provided an independent basis for probable cause); *Blau v. Suffolk Cty.*, No. 11-CV-4818, 2016 WL 426515, at *4 (E.D.N.Y. Feb. 3, 2016) (dismissing a false arrest claim[3] based on an officer fabricating a confession by the plaintiff because another witness's statements were "independent evidence of probable cause . . . sufficient to defeat plaintiff's false arrest, malicious prosecution, and abuse of process claims"). In order to prevail on his claims, Plaintiff must demonstrate circumstances indicating that the "eyewitness identification[] w[as] so unreliable as to defeat probable cause to arrest him." *Hill v. Marino*, No. 10-CV-5615, 2014 WL 4245546, at *6 (E.D.N.Y. Aug. 26, 2014).

## CONCLUSION

Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against Defendant NYPD are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to this defendant. The Court grants Plaintiff thirty (30) days to amend his

---

[3] "As goes false arrest, so goes [Plaintiff]'s false imprisonment claim." *Boyd v. City of New York*, 336 F.3d 72, 76 n.6 (2d Cir. 2003).

4

complaint to show cause as to why his claims against Defendant Yisrael should not be dismissed as well. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 18, 2019
      Brooklyn, New York