UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
XAVIER REID,

                  Plaintiff,

      - against -

NEW YORK POLICE DEPARTMENT
OFFICER MEKUBAHD YISRAEL,

                  Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-1220 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

Plaintiff Xavier Reid ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants New York City Police Department ("NYPD") and NYPD Officer Mekubahd Yisrael, alleging false arrest, false imprisonment,[1] and malicious prosecution. (*See generally* Complaint ("Compl.").) On March 18, 2019, the Court granted Plaintiff's request for *in forma pauperis* status, dismissed the claims against the NYPD, and granted Plaintiff leave to amend his complaint within 30 days to show cause why the claims against Defendant Yisrael should not also be dismissed. *Reid v. N.Y.C. Police Dep't*, No. 19-CV-1220 (PKC) (ST), 2019 WL 1271645 (E.D.N.Y. Mar. 18, 2018). Plaintiff submitted a timely amended complaint on May 22, 2019.[2] (Dkt. 7.) For the reasons set forth below, this action is dismissed.

---

[1] The Court "will treat Plaintiff's claim for 'unlawful imprisonment' as, in effect, a claim for 'false imprisonment.'" *Sampson v. City of Schenectady*, 160 F. Supp. 2d 336, 346 n.14 (N.D.N.Y. 2001).

[2] On April 22, 2019, the Court dismissed this action because Plaintiff failed to file an amended complaint by the deadline. (*See* Apr. 22, 2019 ECF Entry.) On May 21, 2019, however, Plaintiff filed a motion for an extension of time to submit his amended complaint, in which he cited difficulty receiving paperwork as the reason for his requested extension. (Dkt. 6.) On May 22, 2019, the Court extended Plaintiff's deadline to file an amended complaint to June 6, 2019. (*See* May 22, 2019 ECF Entry.)

1

## BACKGROUND

The Court assumes the truth of the allegations in the amended complaint for purposes of this Order. In sum, Plaintiff alleges that he was arrested, detained, and prosecuted for a crime that he did not commit and for which he was exonerated at trial. (*See generally* Amended Complaint ("Am. Compl.").) Specifically, on April 30, 2018, Plaintiff witnessed a "guy/perp" break into the coin-operated machines at a laundromat located at 2919 Surf Avenue in Brooklyn, New York. (*Id.* at 5.) Based on footage from the laundromat's video camera and the statement of an eyewitness named Qiaomeng Zhou, Defendant Yisrael and his partner, Officer John Doe, arrested Plaintiff on May 1, 2018 near the same address. (*Id.*) Defendant Yisrael and Officer Doe told Plaintiff that "they needed to take [him] in because [he] was on camera committing a crime." (*Id.*) Despite his protestations of innocence, Plaintiff was arrested and prosecuted[3] for an unstated offense. (*Id.* at 7.) The charges were dismissed three months later, after trial by the court,[4] because there was insufficient evidence and because "the arresting officer" did not show up at trial. (*Id.*) Plaintiff seeks damages. (*Id.*)

## DISCUSSION

When an action is brought *in forma pauperis*, a district court may dismiss the case where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief

---

[3] In his original complaint, Plaintiff stated that he was detained at the NYPD's 60th Precinct, but did not state for how long. (Compl., at 5.) In the amended complaint, Plaintiff does not mention his detention, yet states that he seeks damages for "unlawful imprisonment for restricting me in a confined space without justification." (Am. Compl., at 6.) Based on Plaintiff's original complaint and his damages request in his amended complaint, the Court assumes that Plaintiff claims that he was detained for some unspecified period of time at the 60th Precinct.

[4] Plaintiff states that he seeks punitive damages "[f]or the humiliation of going back and forth to court, and me taking it to trial to win." (*Id.*) Plaintiff additionally contends that the criminal action against him was dismissed in his favor (*id.* at 5), but does not state whether the criminal court or prosecution effectuated the dismissal.

2

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must liberally construe a *pro se* litigant's pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quotation omitted). However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Plaintiff's false arrest and false imprisonment claims fail. "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quotations omitted); *see Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("Probable cause is a complete defense to a constitutional claim of false arrest and false imprisonment." (citations omitted)). "An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jaegly v. Couch*, 439 F.3d 139, 152 (2d Cir. 2006) (quotation omitted). Moreover, "probable cause exists if a law enforcement officer received information from some

3

person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." *Betts*, 751 F.3d at 82 (quotation and brackets omitted).

Assuming the truth of the facts alleged in the amended complaint and construing those facts liberally in Plaintiff's favor, the Court nevertheless concludes that there was probable cause to arrest Plaintiff, which dooms his false arrest and false imprisonment claims. The amended complaint plainly states that Defendant Yisrael arrested Plaintiff based on the complaint of an eyewitness, Qiaomeng Zhou, in addition to video footage of the offense. (Am. Compl., at 5.) There is no allegation that Defendant Yisrael had knowledge at the time of arrest that would have called into question the reliability of the eyewitness or the video footage. That Plaintiff insisted on his innocence to Officer Yisrael at the time of arrest is of no moment. *See Mazza v. City of New York*, No. 98-CV-2343 (ILG), 1999 WL 1289623, at *5 (E.D.N.Y. July 13, 1999) ("[A] police officer need not investigate all potentially exculpatory claims prior to making an arrest. To hold otherwise would be to allow every suspect, guilty or innocent, to avoid arrest simply by claiming 'it wasn't me.'" (citation and quotation omitted)).

Plaintiff's malicious prosecution claim fails for the same reason. "The determination of probable cause in the context of malicious prosecution is essentially the same as for false arrest, except that a claim for malicious prosecution must be evaluated in light of the facts known or believed at the time the prosecution is initiated, rather than at the time of arrest." *Danielak v. City of New York*, No. 02-CV-2349 (KAM), 2005 WL 2347095, at *10 (E.D.N.Y. Sept. 26, 2005) (quotation, citations, and brackets omitted). "Once probable cause to arrest has been established, claims of malicious prosecution survive only if, between the arrest and the initiation of the prosecution, 'the groundless nature of the charges [is] made apparent by the discovery of some

intervening fact.'" *Walston v. City of New York*, 289 F. Supp. 3d 398, 407 (E.D.N.Y. 2018) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)).

Plaintiff has failed to identify the existence of any fact that came to light after his arrest that would have vitiated the probable cause required to legally sustain his prosecution. That the charges against Plaintiff were ultimately dismissed after trial, based on the insufficiency of the evidence and the arresting officer's failure to testify, does not alter the analysis, since these facts does not undermine the continuing existence of probable cause when prosecution was initiated. *See Walczyk v. Rio*, 496 F.3d 139, 156–57 (2d Cir. 2007) ("Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in a probable cause determination." (quotation omitted)). Plaintiff's malicious prosecution claim therefore fails. *See Betts*, 751 F.3d at 82 ("[C]ontinuing probable cause is a complete defense to a constitutional claim of malicious prosecution.").

## CONCLUSION

Accordingly, the amended complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and so *in forma pauperis* status is denied for purposes of an appeal. The case remains closed and the judgment entered against Plaintiff remains intact.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 10, 2019
 Brooklyn, New York

5